**UNITED STATES of America, Plaintiff,**

v.

**John E. MAHON, III, Defendant.**

**No. 76–19 CR (3).**

United States District Court, E. D. Missouri, E. D.

June 24, 1976.

Barry A. Short, U. S. Atty., David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Toby H. Hollander, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court for a decision upon the merits. The defendant has waived his constitutional right to a trial by jury, and the Court being fully advised of the premises hereby makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. The defendant, John E. Mahon, III, became addicted to heroin during a tour of duty in the Armed Services in Vietnam.

2. After his return to the United States, the defendant sought treatment several times from Veterans Administration hospitals in the St. Louis area. As a result of this treatment the defendant was placed upon a methadone maintenance program.

3. On or about April of 1975, John Mahon entered the Veterans Administration hospital at Jefferson Barracks, Missouri, to be detoxified of methadone.

4. During this hospitalization the defendant met Joe Vorce, the government's informant in this case.

5. The defendant, John Mahon, III, and Joe Vorce became acquainted with each other and later in the year after their release from the hospital, the defendant and Vorce bought a quantity of heroin together. The defendant and Vorce used the heroin in the restroom of a filling station near the corner of Olive and Sarah streets.

6. Approximately a week later the defendant was contacted by Vorce, who indicated that he had certain friends who were interested in obtaining a quantity of drugs.

7. Arrangements were made to meet Vorce's acquaintances on a Saturday morning.

8. On approximately September 13, 1975, John Mahon, III, met Vorce and his acquaintances, (who were undercover officers Swan and Green) at a service station near the intersection of Interstate 55 and Bayless Road.

9. The credible evidence adduced at trial indicates that the defendant first broached the purchase of drugs by the undercover officers. There is no credible evidence to indicate that the two undercover officers Swan and Green at any time suggested that the defendant sell drugs to them.

10. During the meeting at the service station on September 13, 1975, the defendant asked for one hundred dollars ($100.00) from the undercover officers to purchase the drugs. Upon the undercover officers balking at this suggestion, the defendant agreed to one officer riding in defendant's car and the other officer following in a van with Joe Vorce.

11. Prior to their leaving the station, John Mahon called an individual named Rousan from whom he had purchased heroin prior to going into the Veterans Administration methadone program. The parties involved (the defendant, Vorce and the two undercover agents) drove to Rousan's house where the defendant took the money into the house and returned with two foil packets, which were later determined to be heroin.

12. On the evening of September 18, 1975, undercover officer Green called the defendant. The officer, Green, stated that he was in need of a "fix" of heroin and inquired as to whether or not the defendant could obtain any heroin. The defendant, John Mahon, indicated that he could obtain a quantity of heroin.

13. The defendant and the two undercover officers then returned to the vicinity of David Rousan's house and the defendant once again took fifty dollars ($50.00) from each of the undercover officers and purchased a quantity of a substance which was later determined to be heroin.

14. In the opinion of this Court, sitting as the trier of fact, the defendant, John E. Mahon, III, was clearly predisposed to the commission of the crimes charged in the indictment.

## Conclusions of Law

The defendant is charged with two counts of violating 21 U.S.C. § 841(a)(1) for intentional distribution of heroin. The sole defense of the defendant in this lawsuit is that the actions of the undercover officers Swan and Green when considered in light of the conduct of their informant, Joe Vorce, constituted entrapment as a matter of law.

As the Court has stated above in its findings of fact, it is clear that the defendant was predisposed to commit the crime of distribution of heroin. A careful review of the facts of the case show that the actions of the defendant were not due to any exhortations on the part of law enforcement officials acting through their informant, Joe Vorce. It is clear that the defendant readily agreed to purchase a quantity of heroin for the officers, and in fact the suggestion of dealing in narcotics was initially made by the defendant to the officers at the service station.

It is the opinion of the Court after careful review of all evidence adduced that the defendant was indeed an unwary criminal rather than an unwary innocent. *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1957). Neither as a matter of law or of fact has the defendant proved his defense of entrapment. *Sherman v. United States,* supra; *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1972); and *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

Accordingly, the Court finds the defendant guilty of both counts charged in the indictment beyond a reasonable doubt.